# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1926 | **DATE** | 8/19/2003 |
| **CASE TITLE** | Barrera vs. Acting Executive Director | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies the defendant's motion to dismiss (17-1). Status hearing set to 9/18/03 at 9:30 a.m. Status hearing set to 9/18/03 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 2 2 2003 | |
| | Notified counsel by telephone. | | date docketed | 22 |
| ✓ | Docketing to mail notices. | | deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | CLERK | | |
| OR | courtroom deputy's initials | 03 AUG 21 PM 4:01 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| ARMANDO BARRERA, ) <br> ) <br> Plaintiff. ) <br> ) <br> vs. ) <br> ) <br> ACTING EXECUTIVE DIRECTOR OF THE ) <br> COOK COUNTY DEPARTMENT OF ) <br> CORRECTIONS; COOK COUNTY SHERIFF ) <br> MICHAEL SHEAHAN; COUNTY OF COOK ) <br> COUNTY, ILLINOIS; and in their ) <br> Individual capacities, ERNESTO VELASCO; ) <br> SERGEANT S. NAVARRETE; OFFICER ) <br> KEVIN BLANCHARD; OFFICER PAUL ) <br> CASTELLANO; OFFICER FRANCO DOMMA; ) <br> OFFICER JAMES DUFFY; OFFICER JAMES ) <br> GOCHEE; OFFICER ALAN HAMPTON; ) <br> OFFICER LEON HARVEY; OFFICER ) <br> GREGORY HAYS; OFFICER EDUARDO ) <br> HOWER; OFFICER MARK MACK; ) <br> OFFICER KEITH MORRISON; OFFICER ) <br> MICHAEL O'CONNELL; OFFICER ) <br> HENRY RUSH; OFFICER KENNETH ) <br> SMITH; OFFICER LIONEL UGARTE-AVILA; ) <br> SERGEANT VELASQUEZ; SERGEANT ) <br> JUAN DIAZ; and CAPTAIN HOLMES, ) <br> ) <br> Defendants. ) | Case No. 03 C 1926 <br><br> DOCKETED <br> AUG 2 2 2003 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On April 4, 2003, Armando Barrera filed an amended complaint regarding a physical attack he claims to have suffered at the Cook County Jail on April 6, 2001. Defendant Michael Sheahan, the Sheriff of Cook County, has moved to dismiss the amended complaint pursuant to the Federal Rule of Civil Procedure 12(b)(6). This Court previously rejected three of the four

22

arguments made in Sheahan's motion to dismiss, leaving only the argument that Barrera did not exhaust the administrative remedies available to him at the Jail as required by the Prison Litigation Reform Act, 42 U.S.C.A. § 1997e, before filing suit. For the reasons stated below, the Court rejects this argument and therefore denies the motion to dismiss.

## Facts

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint; it does not address the case's merits or its chance of ultimate success. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint may not be dismissed for failure to state a claim unless there is no doubt that the plaintiff can prove no set of facts in support of his claim that entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Armando Barrera is currently an inmate at Dixon Correctional Center in Dixon Illinois. As of April 2001, he was housed in Division 9, Unit 2H of the Cook County Jail while his case was pending in the Circuit Court of Cook County. Barrera says that on the evening of April 6, 2001, he and other inmates were engaged in peaceful activity, when members of the Cook County Sheriff's Special Operations Response Team (SORT team) came running into the room. The SORT team, consisting of the named defendants[1], searched the cells and the persons of the inmates in the unit.

Barrera, who does not understand English, was unable to respond to the SORT team's commands. Barrera observed the other inmates turning to face the wall, and another inmate translated the SORT team's order so that Barrera could comply. Barrera alleges that a SORT

---

[1] The members of the SORT team included: Officer Kevin Blanchard, Officer Paul Castellano, Officer Franco Domma, Officer James Duffy, Officer James Gochee, Officer Alan Hampton, Officer Leon Harvey, Officer Gregory Hays, Officer Eduardo Hower, Officer Mark Mack, Officer Keith Morrison, Officer Michael O'Connell, Officer Henry Rush, Officer Kenneth Smith, Officer Lionel Ugarte-Avila, Sergeant Velasquez, Sergeant Juan Diaz, Captain Holmes, and Sergeant Navarrete.

team member then assaulted him, without warning or provocation, striking him on the back left side of the head, which caused Barrera to hit the wall, in turn causing an injury to the area above his left eye. The same SORT team member then kicked Barrera in the back of the knees, causing him to fall down. Barrera says that he briefly passed out. After he came to but while he was still disorientated, he says, two SORT team members picked him up and slammed him against a wall. No other SORT team members intervened to stop this use of force. Because Barrera was facing the wall at the time of the incident, he is unable to identify the particular SORT team members who assaulted him.

After the SORT team left the room, Barrera told other inmates that he needed medical attention. Three other inmates picked Barrera up and took him to see the division officer, who in turned called Defendant Navarette, who was the on-duty officer. Officer Navarette observed Barrera's condition, which Barrera says included obvious swelling and bruising. Nonetheless, Navarette stated through an interpreter that he saw nothing wrong and denied Barrera's requests for medical attention. Barrera thereafter sent several requests to the medical staff requesting treatment, but he never received a response.

Three days later, Barrera alleges, he passed out due to the continuing pain from the April 6, 2001 beating. While at the dispensary, he was given a three-day supply of pain medication, but he received no other medical treatment. For the next two months, Barrera continued to request additional medical treatment, but none was provided. He continued to experience pain in his head, blurred vision, ringing in his ear, headaches and sensitivity to medium levels of noise.

Immediately after the incident with the SORT team, Barrera attempted to file a grievance reporting the assault, but he alleges that his correctional counselor never met with him to record the grievance. Two or three weeks after the assault, Barrera submitted a grievance to a

counselor reporting the assault and his resulting infirmity. Although the counselor said he would send Barrera a copy of his grievance, he did not do so. Barrera spoke to the counselor approximately three more times in the next two months. At each meeting, Barrera was promised a copy of his grievance, but he never received a copy. In January 2003, Barrera again attempted to acquire a copy of his grievance by writing to the Cook County Records Office, from whom he received no response. Barrera alleges that he has attempted to comply with all administrative requirements to move his grievance forward but has been stymied by the lack of response from the Cook County Department of Corrections and the Cook County Records Office.

Defendant Sheahan has moved to dismiss Barrera's Amended Compliant on the grounds that the grievance in question is still open and under investigation. Sheahan reasons that because the grievance is still open and under investigation, Barrera has yet to exhaust the requisite administrative remedies and his amended complaint should be dismissed without prejudice.

## Discussion

The PLRA provides that a prisoner may not bring an action with respect to prison conditions until the administrative remedies available to the prisoner have been exhausted. 42 U.S.C. § 1997e(a). The text of the statute is clear: the prisoner must exhaust "such administrative remedies *as are available.*" *Id.* (emphasis added). Thus, when a prison or jail has an internal grievance system through which a prisoner can seek to correct a problem or raise a dispute or claim, the prisoner must pursue a grievance to completion through the institution's internal system before filing suit in court under 42 U.S.C. § 1983. *Massey v. Helman,* 196 F.3d 727, 733 (7th Cir. 1999). When prison officials fail to respond to a prisoner's grievance, however, then administrative remedies are considered unavailable, and the prisoner is deemed to have exhausted those remedies. *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir. 2002) (citing

4

*Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001) and *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999)).

Administrative remedies are deemed exhausted and thus unavailable when a prisoner takes every opportunity to obtain relief through outlined procedures but is stymied by prison officials' action or inaction. *See Brown v. Croak*, 312 F.3d 109, 112-13 (3d Cir. 2002); *Powe*, 177 F.3d at 394 (5th Cir. 1999); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk*, 262 F.3d at 698 (8th Cir. 2001). Because the PLRA does not define the circumstances under which a remedy is considered "available," courts must look to that term's plain meaning: immediately utilizable, accessible or at hand. *See Brown*, 312 F.3d at 112-13; *Miller*, 247 F.3d at 740. If a prisoner never receives a response to his grievance, the administrative remedy provided by the grievance procedure cannot be considered to be available.

When administrative remedies are effectively made unavailable by the actions of prison officials, the prisoner may file suit without pursuing those unavailable remedies to conclusion. If the rule were otherwise, prison officials could prevent filing of lawsuits by simply refusing to respond to prisoners' grievances. This Court has previously held that when a prisoner does the best he can to bring his problems to the attention of the proper authorities through the grievance process and the evidence shows that the grievances were ignored, then the prisoner has satisfied the PRLA's exhaustion requirement. *Hardy v. Aguinaldo*, No. 02 C 3614, 2002 WL 31017611, at *3-4 (N.D. Ill. Sept. 10, 2002). *See also, e.g., Myers v. McCauley*, No. 02 C 1590, 2002 WL 31006131, at *4 (N.D. Ill. Sept. 5, 2002). In one case, after seven months without a response, another judge in this District found that amount of time to be "more than reasonable to respond to [the] grievance." *Smith v. Boyle*, No. 02 C 2788, 2003 WL 174189, at *3 (N.D. Ill. Jan. 27, 2003).

In this case, Barrera filed a grievance shortly after the incident and has attempted to follow up regarding the status of his grievance, but he has been completely stonewalled by the Jail's authorities. It was not until after he filed suit, just before the statute of limitations on his § 1983 claims was apparently about to run,[2] that the authorities saw fit to tell Barrera (through the attorney we appointed after he filed suit) that his grievance was supposedly still being considered. At this point, twenty-eight months have passed since Barrera's alleged beating, yet the Sheriff has provided no information as to what has been done to consider Barrera's grievance or investigate his allegations, and when (if ever) this "process" will be completed. In sum, the Sheriff's submission is woefully deficient and does not support a finding that Barrera has an "available" administrative remedy.

Barrera has done everything one in his position can do to take advantage of the grievance procedure, but nothing has happened on the Jail's end. A two-and-one-half year wait is more than sufficient to establish the lack of an available administrative remedy. To find otherwise would permit officials of correctional institutions to exploit the exhaustion requirement through indefinite delay in responding to grievances. *See Lewis*, 300 F.3d at 833; *Goodman v. Carter*, No. 2000 C 948, 2001 WL 755137, at *3 (N.D. Ill. July 2, 2001).

### Conclusion

For the reasons stated above, the Court denies the defendant's motion to dismiss [17-1].

MATTHEW F. KENNELLY
United States District Judge

Date: August 18, 2003

---

[2] We note, however, that the statute of limitations is tolled during the time spent exhausting administrative remedies. *See Dixon v. Pope*, 291 F.3d 785, 790 (7th Cir. 2002).